NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN LENARD PERRY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1880

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-3710, Judge Joseph L. Falvey, Jr.

---

Decided:  December 8, 2025

---

KEVIN LENARD PERRY, El Centro, CA, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE; CARLING KAY BENNETT, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, PROST, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Kevin L. Perry appeals the denial of his petition for a writ of mandamus by the Court of Appeals for Veterans Claims ("Veterans Court"). For the reasons below, we affirm in part and dismiss in part.

## BACKGROUND

Much of the factual and procedural background relevant to this opinion appears in our 2025 decision, *Perry v. Collins*, No. 24-2051, 2025 WL 1077529 (Fed. Cir. Apr. 10, 2025). We assume the parties' familiarity with this background and will not repeat it here.

Mr. Perry has requested that the Veterans Court set aside its May 2007 decision several times by filing petitions for mandamus like the one at issue in this appeal. *See, e.g.*, *Perry v. Shinseki*, No. 12-1346, 2012 WL 1835932 (Vet. App. May 21, 2012) (denying writ); *Perry v. McDonough*, No. 23-0372, 2023 WL 1778199 (Vet. App. Feb. 6, 2023) (same); *Perry v. McDonough*, No. 24-3509, 2024 WL 2883930 (Vet. App. June 10, 2024) (same). In our 2025 decision, Mr. Perry appealed the Veterans Court's denial of his petition for a writ. We dismissed that appeal for lack of jurisdiction. *Perry*, 2025 WL 1077529, at *1.

About a month after our 2025 decision, Mr. Perry again petitioned for the extraordinary relief of mandamus at the Veterans Court. The court denied the writ. It held that Mr. Perry "has provided no evidence of a currently pending [Veterans Affairs ("VA")] claim," and "there is nothing for us to compel or facilitate through mandamus." *Perry v. Collins*, No. 25-3710, 2025 WL 1466240, at *1 (Vet. App. May 22, 2025) ("*Decision*"). The court also warned Mr. Perry that given his "repetitive and voluminous attempts to improperly use the writ process to relitigate the

merits of long-finished claims," "before Mr. Perry tries to file any new petition, he must first file a motion with the [Veterans Court] seeking permission to file the petition." *Id.* That motion must include: (1) an explanation why the petition "is not repetitive and frivolous"; (2) a description of the petition "he seeks to file and the relief sought"; (3) an identification of the "pending claim or VA process within [the Veterans Court's] jurisdiction [to which] his petition relates"; and (4) a payment of a $50 filing fee. *Id.* The motion must also not exceed four pages total, including any attachments or appendices. Any motion that meets these requirements "will be referred to a [j]udge for a decision on whether permission to file will be granted or denied." *Id.*

Mr. Perry timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). But we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c).

As to Mr. Perry's challenge to the Veterans Court's denial of his mandamus petition, Mr. Perry raises no legal or constitutional arguments. To the extent Mr. Perry raises arguments challenging factual determinations or that require the application of law to fact, we also do not have jurisdiction over those arguments. *Id.* § 7292(d)(2). We therefore dismiss Mr. Perry's appeal on the writ issue for lack of jurisdiction.

Mr. Perry also requests that we "void" "all the orders" issued by the Veterans Court. Appellant's Informal Br. 22;

*see also* Informal Reply Br. 8–9.  Mr. Perry appears to challenge the Veterans Court's legal authority to require him to first file a motion before filing any new petitions.  *Decision*, 2025 WL 1466240, at \*1.  Under these circumstances, we see no reason to disturb the Veterans Court's determination and thus affirm the court's pre-filing order.

## CONCLUSION

We have considered Mr. Perry's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm in part and dismiss in part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

Costs to Appellee.